IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDERICK MARTIN,

    Plaintiff,

vs.                                    Case No. 03-3363-JTM

CENTRAL STATES EMBLEMS, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

    This matter comes before the court on the plaintiff's Motion for Appointment of Counsel (Dkt. No. 34). Plaintiff argues that he should be appointed counsel to assist and represent him on appeal. He contends that he is a lay person, he has presented substantial and colorable claims, that he has not been able to obtain the necessary documentation to support his claim and that appointment of counsel would help focus the court's analysis. He also argues that exceptional circumstances exist for the appointment of counsel.

    Pursuant to 28 U.S.C. § 1915(d), a district court may appoint counsel to represent an indigent litigant in a civil case. "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). The statute gives district courts broad discretion to request an attorney to represent an indigent civil litigant. Such litigants have no statutory right to appointed counsel. See Tabron v. Grace, 6 F.3d 147, 153 (3rd

Cir. 1993). Rather, some circuits have applied "exceptional circumstances" standard to these determinations. See, e.g., Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993); Hernandez v. San Diego Sheriff's Dep't, 2000 WL 564013 (9th Cir. May 9, 2000); Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) (citations omitted) (describing the standard applied in habeas actions). Courts review the complexity of the case and plaintiff's ability to represent himself. Lavado, 922 F.2d at 606. Where a litigant's claims are frivolous or the chances of success are extremely slim, the court may decline to appoint counsel.

While plaintiff argues that he has a colorable claim, the court does not find this to be the case. The court has already determined that plaintiff lacked standing to sue under Title VII and that plaintiff had not sued the proper parties to maintain his § 1981. Under these circumstances, it would be inappropriate to appoint counsel. Even if the court were to construe plaintiff's claims as actionable, plaintiff has not clarified why he the court should appoint counsel. His motion merely restates the legal standard for appointment of counsel. There has been no showing of "exceptional circumstances" to justify the appointment of counsel.

At the time of his request, plaintiff had already filed his case with the Tenth Circuit. At present, plaintiff has already filed his brief pro se. As of August 11, 2005, the case had been submitted to panel on the briefs. Thus, appointment of counsel is presently unnecessary.

IT IS ACCORDINGLY ORDERED this 18th day of August 2005, that the court denies plaintiff's Motion for Appointment of Counsel (Dkt. No. 34).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE